**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Matthew T. Theriault (SBN 244037)
mtheriault@clarksonlawfirm.com
Zachary T. Chrzan (SBN 329159)
zchrzan@clarksonlawfirm.com
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA COLEMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MONDELEZ INTERNATIONAL INC., a Virginia Corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*<br>2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*<br>3. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, *et. seq.*<br>4. UNJUST ENRICHMENT<br>5. COMMON LAW FRAUD<br>6. INTENTIONAL MISREPRESENTATION<br>7. NEGLIGENT MISREPRESENTATION<br><br>**DEMAND FOR JURY TRIAL** |

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

## **INTRODUCTION**

1.      Defendant manufactures one of the most popular theater box candy products in the world. To increase profits at the expense of consumers and fair competition, Defendant pioneered a scheme to deceptively sell all flavors, varieties, and sizes of Swedish Fish sold in opaque containers (the "Products") in oversized, boxes that do not reasonably inform consumers that they are more than half empty. Defendant's "slack-fill" scam dupes unsuspecting consumers across America to pay premium prices for empty space. In one version of the Products, the opaque box measures to a vertical height of approximately 15.4 cm, while the product inside only measures to a vertical height of approximately 6.5 cm. Below is a true and correct image of the Products, evidencing the deception. The black line represents the actual fill line, below which is product, and above which is nonfunctional empty space.



CLASS ACTION COMPLAINT

2.     While other similar lawsuits against Defendant's competitors have all but curbed this unfair business practice, Defendant remains one of the last holdouts, ignoring the industry trend towards transparency in the hopes of obtaining an unfair competitive advantage in the marketplace. This class action aims to remedy Defendant's unfair business practice by forcing it to follow the industry trend toward greater transparency and eliminating consumer deception.

3.     Defendant markets the Products in a systematically misleading manner by representing it as adequately filled when, in fact, it contains an unlawful amount of empty space or "slack-fill." Defendant underfills the Products for no lawful reason. The front of the Products' packaging does not include any information that would reasonably apprise Plaintiff of the quantity of candy relative to the size of the box, such as a fill line or an actual size depiction accompanied by the words "actual size" and numerical piece count. Defendant does this to save money (by not filling the boxes) and to deceive consumers into purchasing the Products over its competitors' products. Defendant's slack-fill scheme not only harms consumers, the scheme also harms Defendant's competitors who have implemented labeling changes designed to alert consumers to the true amount of product in each box. Accordingly, Defendant has violated the California Consumers Legal Remedies Act, particularly California Civil Code sections 1770(a)(2), 1770(a)(4), 1770(a)(5), 1770(a)(9), and 1770(a)(16). As such, Defendant has committed *per se* violations of Business & Professions Code section 17200, *et seq*. and Business & Professions Code section 17500, *et seq*. and Civil Code section 1750, *et seq*.

4.     Plaintiff and consumers have accordingly suffered injury in fact caused by the false, fraudulent, unfair, deceptive, unlawful, and misleading practices set forth herein, and seek injunctive relief, as well as, *inter alia*, compensatory damages, statutory damages, restitutionary damages, and attorneys' fees.

///

///

CLASS ACTION COMPLAINT

## DEFENDANT'S COMPETITORS HAVE REMEDIED SLACK-FILL VIOLATIONS BUT DEFENDANT REFUSES

5.      Defendant's major competitors have modified their labeling, and/or packaging, and/or manufacturing processes to dispel consumer deception and confusion.

6.      Tootsie Roll Industries, Inc. modified its labeling of Junior Mints® and Sugar Babies® to dispel consumer deception and confusion by adding to the front label an actual size depiction, accompanied by the words "actual size" and a piece count.

7.      Taste of Nature, Inc. modified its labeling and manufacturing processes of Cookie Dough Bites®, Chocolate Chip Cookie Dough Bites®, Fudge Brownie Cookie Dough Bites®, Santa's Village Chocolate Chip Cookie Dough Bites®, Cookies N' Cream Cookie Dough Bites®, Cinnamon Bun Bites®, Red Velvet Cupcake Bites®, Moon Pie Bites®, Strawberry Dream Bites®, Birthday Cake Cookie Dough Bites®, Peanut Butter Cookie Dough Bites®, Muddy Bears®, Shari Candies Cherry Sour Balls®, Despicable Me 2 Sour Gummies®, Sqwigglies®, and Hello Kitty Treats® to dispel consumer deception and confusion by agreeing to include an actual size depiction, accompanied by the words "actual size," and/or increase its fill levels.

8.      Just Born, Inc. modified its labeling of Hot Tamales® and Mike and Ike® to dispel consumer deception and confusion by agreeing to add a fill level line and/or an actual size depiction to help dispel consumer deception and confusion.

9.      Ferrara Candy Company, agreed to modify its manufacturing processes of Jujyfruits®, Jujubes®, Now & Later®, Lemonhead®, Applehead®, Cherryhead®, Grapehead®, RedHots®, Trolli®, Chuckles®, Black Forest®, Jawbuster®, Jawbreaker®, Brach's®, Boston Baked Beans®, Super Bubble®, Rainblo®, and Atomic Fireball to dispel consumer deception and confusion by increasing the fill levels of those products.

CLASS ACTION COMPLAINT

10.    Rather than following the industry trend and ceasing its false, fraudulent, unfair, deceptive, unlawful, and misleading business practice, Defendant continues to prioritize its own bottom line over consumer protection and deceive consumers as to the amount of candy contained in the Products.

## COURTS AROUND THE COUNTRY FIND SLACK-FILL VIOLATIONS MERITORIOUS AND APPROPRIATE FOR CLASS TREATMENT

11.    Several state and federal courts have found that cases involving nearly identical claims are meritorious and appropriate for class treatment. *See Iglesias v. Ferrara Candy Co.*, Case No. 3:17-cv-00849-VC (N.D. Cal.) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Jujyfruits® and Lemonhead® candy box claims denied and nationwide settlement class certified); *Tsuchiyama v. Taste of Nature, Inc.*, Case No. BC651252 (L.A.S.C.) (defendant's motion for judgment on the pleadings involving slack-filled Cookie Dough Bites® candy box claims denied and nationwide settlement subsequently certified through Missouri court); *Gordon v. Tootsie Roll Industries, Inc.*, Case No. 2:17-cv-02664-DSF-MRW (C.D. Cal.) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Junior Mints® and Sugar Babies® candy box claims denied); *Escobar v. Just Born, Inc.*, Case No. 2:17-cv-01826-BRO-PJW (C.D. Cal.) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Mike N' Ike® and Hot Tamales® candy box claims denied and California class action certified); *Thomas v. Nestle USA, Inc.*, Cal. Sup. Case No. BC649863 (April 29, 2020) (certifying as a class action slack-fill claims brought under California consumer protection laws).

## PARTIES

12.    Plaintiff Elena Coleman is an individual residing in Los Angeles, California. Plaintiff purchased the Products in 2019 at a Ralph's in Los Angeles. In making her purchase, Plaintiff relied upon the opaque packaging, including the size of the box and product label, which was prepared and approved by Defendant and its agents and disseminated statewide and nationwide, as well as designed to encourage

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

consumers like Plaintiff to purchase the Products. Plaintiff understood the size of the box and product label to indicate the amount of candy contained therein was commensurate with the size of the box, and she would not have purchased the Products, or would not have paid a price premium for the Products, had she known that the size of the boxes and product labels were false and misleading. If the Products' packaging and labels were not misleading, then Plaintiff would purchase the Products in the future.

13. Mondelez International Inc. is a Virginia corporation headquartered in Illinois. Defendant maintains its principal place of business at 3 Parkway North, Suite 300, Deerfield, Illinois 60015. Defendant directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Defendant is the owner, manufacturer, distributor, advertiser, and seller of the Products, and is the company that created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Products.

14. In committing the wrongful acts alleged herein, Defendant planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to purchase the Products. Defendant participated in the making of such representations in that it did disseminate or cause to be disseminated said misrepresentations.

15. Defendant, upon becoming involved with the manufacture, advertising, and sale of the Products, knew or should have known that its advertising of the Products' boxes, specifically by representing that they were full, was false, deceptive, and misleading. Defendant affirmatively misrepresented the amount of candy product contained in the Products' boxes in order to convince the public and consumers of the Products to purchase the Products, resulting in profits of millions of dollars or more to Defendant, all to the damage and detriment of the consuming public.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

16.    Defendant has created and still perpetuates a falsehood that its candy boxes contain an amount of candy commensurate with the size of the box, though they actually contain nonfunctional, unlawful slack-fill. As a result, Defendant's consistent and uniform advertising claims about the Products are false, misleading, and/or likely to deceive in violation of California and federal advertising laws.

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction of this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. Section 1332, because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

18.    Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff is a citizen of California who resides in Los Angeles, California; Defendant made the challenged false representations to Plaintiff in this District; Plaintiff purchased the Product in this District; and Plaintiff consumed the Product within this District. Moreover, Defendant receives substantial compensation from sales in this District, and Defendant made numerous misrepresentations which had a substantial effect in this District, including but not limited to, labeling, packaging, Internet, and infomercial advertisements, among other advertising.

19.    Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendant and California. Defendant is authorized to do and is doing business in California.

///

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

# **FACTUAL BACKGROUND**

20.     The amount of product inside any product packaging is material to any consumer seeking to purchase that product. The average consumer spends only 13 seconds deciding whether to make an in-store purchase,[1] which decision is heavily dependent on a product's packaging, including the package dimensions. Research has demonstrated that packages that seem larger are more likely to be purchased.[2]

21.     Accordingly, Defendant chose certain size boxes for its Products to convey to consumers that they are receiving a certain and substantial amount of candy commensurate with the size of each box. Such representations constitute an express warranty regarding the Products' content.

22.     Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein. Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for illegitimate or unlawful reasons.

23.     Defendant falsely represents the quantity of candy in each of the Products' opaque boxes through its packaging. The size of each box leads the reasonable consumer to believe he or she is purchasing a box full of candy product when, in reality, what he or she actually receives is about 58% less than what is represented by the size of the box.

24.     Even if Plaintiff and other reasonable consumers of the Products had a reasonable opportunity to review, prior to the point of sale, other representations of quantity, such as net weight or serving disclosures, they did not and would not have reasonably understood or expected such representations to translate to a quantity of candy product meaningfully different from their expectation of a quantity of candy product commensurate with the size of the box.

---

[1] Randall Beard, *Make the Most of Your Brand's 20-Second Window*, NIELSEN, Jan. 13, 2015, https://www.nielsen.com/us/en/insights/article/2015/make-the-most-of-your-brands-20-second-window./.

[2] P. Raghubir & A. Krishna, *Vital Dimensions in Volume Perception: Can the Eye Fool the Stomach?*, 36 J. MARKETING RESEARCH 313-326 (1999).

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

25.    Prior to the point of sale, the Products' packaging does not allow for a visual or audial confirmation of the contents of the Products. The Products' opaque packaging prevents a consumer from observing the contents before opening. Even if a reasonable consumer were to "shake" the Products before opening the box, the reasonable consumer would not be able to discern the presence of any nonfunctional slack fill, let alone the 58% nonfunctional slack-fill that is present in the Products.

26.    The other information that Defendant provides about the quantity of candy product on the front and back labels of the Products does not enable reasonable consumers to form any meaningful understanding about how to gauge the quantity of contents of the Products as compared to the size of each box itself. For instance, the front of the Products' packaging does not have any labels that would provide Plaintiff with any meaningful insight as to the amount of candy to be expected, such as a fill line or an actual size depiction accompanied by the words "actual size" and a numerical piece count.

27.    Disclosures of net weight and serving sizes in ounces or grams do not allow the reasonable consumer to make any meaningful conclusions about the quantity of candy contained in the Products' boxes that would be different from the reasonable consumer's expectation that the quantity of candy product is commensurate with the size of the box.

28.    The net weight and serving size disclosures do not allow Plaintiff to make – and Plaintiff did not make – any meaningful conclusions about the quantity of candy product contained in the Products' box that was different than Plaintiff's expectations that the quantity of candy product would be commensurate with the size of the box.

29.    Plaintiff would not have purchased the Products had she known that the Products contained slack-fill that serves no functional or lawful purpose.

30.    The slack-fill contained in the Products' packaging does not protect the contents of the package. In fact, the greater the amount of slack-fill, the more room

the contents have to bounce around during shipping and handling, making it more likely that the contents will break or sustain damage. Plaintiff shall proffer expert testimony to establish these facts once this case reaches the merits.

31.    If, on the other hand, the amount of candy product contained in each box was commensurate with the size of the box, as reasonable consumers expect, then the candy product would have less room to move around during shipping and handling and would be less likely to sustain damage.

32.    As such, the slack-fill present in the Products' packaging makes the candy product more susceptible to damage, and, in fact, causes the candy product to often sustain damage.

33.    The slack-fill present in the Products' containers is not a result of the candy product settling during shipping and handling. Given the Products' density, shape, and composition, any settling occurs immediately at the point of filling the box. No additional product settling occurs during subsequent shipping and handling.

34.    The contents of the Products are of a great enough density that any slack-fill present at the point of sale was present at the time of filling the containers and packaging the contents.

35.    The Products' packaging is not reusable or of any significant value to the Products independent of its function to hold the candy product. The Products' containers are boxes intended to be discarded immediately after the candy is eaten.

36.    The slack-fill present in the Products' containers does not accommodate required labeling, discourage pilfering, facilitate handling, or prevent tampering.

37.    Defendant can easily increase the quantity of candy product contained in each box (or, alternatively, decrease the size of the containers) by approximately 58% more volume.

38.    Contrast Defendant's packaging of the Products with a comparator product, such as "Boston Baked Beans" ("Boston Beans"), a candy product manufactured by Ferrara Candy Company, and similarly sold at movie theaters and

10

CLASS ACTION COMPLAINT

retail outlets located throughout the United States. A true and correct representation of the front of the Boston Beans product is shown in the image below.



39.     Boston Beans are sold in identical packaging to that of the Products, i.e., opaque boxes of identical size, shape, volume, and material. Boston Beans are packaged using nearly identical fill and heated glue enclosing machines to those of the Products.

40.     Boston Beans are coated candies of similar size, shape, and density of that of the Products. However, contrary to the Products, Boston Beans have very little slack-fill and negligible nonfunctional slack-fill. A true and correct representation of the open container of Boston Beans is pictured in the image below.



41.     Boston Beans' packaging provides additional evidence that the slack-fill present in the Products' packaging is nonfunctional to the tune of 58%.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

42.     Boston Beans' packaging provides additional evidence that the slack-fill in the Products is not necessary to protect and, in fact, does not protect, the contents of the Products; is not a requirement of the machines used for enclosing the contents of the Products; is not a result of unavoidable product settling during shipping and handling; is not needed to perform a specific function; and is not part of a legitimate reusable container.

43.     Boston Beans' packaging provides additional evidence that Defendant is able to increase the level of fill inside the Products' boxes.

44.     Boston Beans' packaging provides more evidence that Defendant has reasonable alternative designs available to it in its packaging of the Products.

45.     Plaintiff did not expect that the Products would contain nonfunctional slack-fill, especially given that nonfunctional slack-fill, as opposed to functional slack-fill, is prohibited by federal law and California law.

46.     The Products are made, formed, and filled so as to be misleading. The Products are, therefore, misbranded.

47.     The slack-fill contained in the Products does not serve a legitimate or lawful purpose.

48.     Defendant's false, deceptive, and misleading label statements are unlawful under state and federal consumer protection and packaging laws.

49.     Defendant intended for Plaintiff and the Class members to be misled.

50.     Defendant's misleading and deceptive practices proximately caused harm to Plaintiff and the Class.

## **CLASS ACTION ALLEGATIONS**

51.     Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated. The Class which Plaintiff seeks to represent comprises:

> "All persons who purchased the Product[s] in the United States or, alternatively, the State of California, for personal use and not for resale during the time period of

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

four years prior to the filing of the complaint through the present."

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

52.    On March 25, 2019, the United States District Court for the Central District of California certified a class action against another one of Defendant's highly visible competitors involving nearly identical claims and products under Federal Rule of Civil Procedure 23. *See Escobar v. Just Born, Inc.*, Case No. 2:17-cv-01826-BRO-PJW (C.D. Cal. Mar. 25, 2019).

53.    On April 29, 2020, a California State Court certified a class action against Defendant's highly visible competitor for nearly identical claims involving similar products under California law. *See Thomas v. Nestle USA, Inc.*, Los Angeles Superior Court Case No. BC 649863 (Apr. 29, 2020).

54.    The Class is comprised of many thousands of persons. The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

55.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that the Class was exposed to the same common and uniform false and misleading advertising and omissions. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

a.   The true nature and amount of product contained in each Products' packaging;

b.   Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;

c.   Whether Defendant misrepresented the approval of the FDA, United States Congress, and California Legislature that the Products' packaging complied with federal and California slack-fill regulations and statutes;

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

d. Whether the Products contain nonfunctional slack-fill in violation of 21 C.F.R. Section 100.100, *et seq.*;

e. Whether the Products contain nonfunctional slack-fill in violation of California Business and Professions Code Section 12606.2, *et seq.;*

f. Whether Defendant's conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

g. Whether Defendant's conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

h. Whether Defendant's conduct is an unfair business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

i. Whether Defendant's advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

j. Whether Defendant made false and misleading representations in its advertising and labeling of the Products;

k. Whether Defendant knew or should have known that the misrepresentations alleged herein were false;

l. Whether Plaintiff and the Class paid more money for the Products than they actually received;

m. How much more money Plaintiff and the Class paid for the Products than they actually received;

n. Whether Defendant committed common law fraud; and

o. Whether Defendant was unjustly enriched at the expense of Plaintiff and the Class members;

56.    Plaintiff's claims are typical of the claims of the proposed Class, as the representations and omissions made by Defendant are uniform and consistent and

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

are contained in advertisements and on packaging that was seen and relied on by Plaintiff and members of the Class.

57.   Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation. Plaintiff's Counsel prosecuted the largest slack-fill nationwide class action settlement in 2018. Plaintiff's Counsel also was the first law firm to successfully certify a slack-fill lawsuit involving theater box candy confectioners (twice, in 2019 and 2020, respectively).

58.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false, deceptive, and misleading representations. Plaintiff purchased the Products because of the size of the box and the product label, which she believed to be indicative of the amount of candy product contained therein as commensurate with the size of the box. Plaintiff relied on Defendant's representations and would not have purchased the Products if she had known that the packaging, labeling, and advertising as described herein was false and misleading.

59.   The Class is identifiable and readily ascertainable. Notice can be provided to such purchasers using techniques and a form of notice similar to those customarily used in class actions and by Internet publication, radio, newspapers, and magazines.

60.   A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

61.   The trial and the litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendant's conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits

of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

62.    Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

63.    Absent a class action, Defendant will likely retain the benefits of its wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

## COUNT ONE

## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

## BUSINESS & PROFESSIONS CODE § 17200, *et seq.*

## (By Plaintiff against Defendant)

64.    Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

65.    Congress passed the Federal Food, Drug, and Cosmetic Act ("FDCA"), and in so doing established the Federal Food and Drug Administration ("FDA") to "promote the public health" by ensuring that "foods are safe, wholesome, sanitary, and properly labeled." 21 U.S.C. §393.

66.    The FDA has implemented regulations to achieve this objective. *See, e.g.*, 21 C.F.R. § 101.1 *et seq.*

///

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

67.    The legislature of California has incorporated 21 C.F.R. Section 100.100, which prohibits nonfunctional slack-fill, into the State's Business and Professions Code at Section 12606.2 *et seq.*

68.    The FDA enforces the FDCA and accompanying regulations; "[t]here is no private right of action under the FDCA." *Ivie v. Kraft Foods Global, Inc.,* 2013 U.S. Dist. LEXIS 25615,2013 WL 685372, at *1 (internal citations omitted).

69.    In 1990, Congress passed an amendment to the FDCA, the Nutrition Labeling and Education Act ("NLEA"), which imposed a number of requirements specifically governing food nutritional content labeling. *See, e.g.,* 21 U.S.C. § 343 *et. seq.*

70.    Plaintiff is not suing under the FDCA, but under California state law.

71.    The California Sherman Food, Drug, and Cosmetic Act ("Sherman Law"), Cal. Health & Safety Code Section 109875 *et seq.*, has adopted wholesale the food labeling requirements of the FDCA and NLEA as the food regulations of California. Cal. Health & Safety Code Section 110100.

72.    The Sherman Law declares any food to be misbranded if it is false or misleading in any particular, if the labeling does not conform with the requirements for nutrition labeling set forth in certain provisions of the NLEA. Cal. Health & Safety Code Sections 110660, 110665, 110670.

73.    The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200.

**A.    "Unfair Prong"**

74.    Under California's Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200, *et seq.,* a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006).

CLASS ACTION COMPLAINT

75.    Defendant's action of leaving 58% nonfunctional slack-fill in its Products does not confer any benefit to consumers.

76.    Defendant's action of leaving 58% nonfunctional slack-fill in its Products causes injuries to consumers, who do not receive a quantity of candy commensurate with their reasonable expectations.

77.    Defendant's action of leaving 58% nonfunctional slack-fill in its Products causes injuries to consumers, who do not receive a level of hunger satiety commensurate with their reasonable expectations.

78.    Defendant's action of leaving 58% nonfunctional slack-fill in its Products causes injuries to consumers, who end up overpaying for the Products and receiving a quantity of candy less than what they expected to receive.

79.    Consumers cannot avoid any of the injuries caused by the 58% or more nonfunctional slack-fill in Defendant's Products.

80.    Accordingly, the injuries caused by Defendant's inclusion of 58% nonfunctional slack-fill in the Products outweigh any benefits.

81.    Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. They "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012).

82.    Here, Defendant's conduct of including 58% nonfunctional slack-fill in the Products' packaging has no utility and financially harms purchasers. Thus, the utility of Defendant's conduct is vastly outweighed by the gravity of harm.

83.    Some courts require that "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T WirelessServs. Inc.*, 504 F. 3d 718, 735 (9th Cir. 2007).

84.     The California legislature maintains a declared policy of prohibiting nonfunctional slack-fill in consumer goods, as reflected in State's Business and Professions Code Section12606.2 and California Health and Safety Code Section 110100.

85.     The 58% of nonfunctional slack-fill contained in the Products is tethered to a legislative policy declared in California according to Cal. Business and Professions Code Section12606.2 and Cal. Health & Safety Code Section 110100.

86.     Defendant's packaging of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.

87.     Defendant knew or should have known of its unfair conduct.

88.     As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute an unfair business practice within the meaning of California Business and Professions Code Section 17200.

89.     There existed reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Defendant could have used packaging appropriate for the amount of candy product contained within the Products.

90.     All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

91.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair conduct. Plaintiff paid an unwarranted premium for this product. Specifically, Plaintiff paid for 58% of candy product she never received. Plaintiff would not have purchased the Products if she had known that the Products' packaging contained nonfunctional slack-fill.

///

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

## B.    "Fraudulent" Prong

92.    California Business and Professions Code Section 17200, et seq., considers conduct fraudulent and prohibits said conduct if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

93.    Defendant's conduct of packaging the Products with 58% nonfunctional slack-fill is likely to deceive members of the public.

94.    Defendant's packaging of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes fraudulent conduct.

95.    Defendant knew or should have known of its fraudulent conduct.

96.    As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute a fraudulent business practice in violation of California Business & Professions Code Section 17200.

97.    Defendant had reasonably available alternatives to further its legitimate business interests, other than the conduct described herein. Defendant could have used packaging appropriate for the proportion of product contained therein.

98.    All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

99.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's fraudulent conduct. Plaintiff paid an unwarranted premium for this product. Specifically, Plaintiff paid for 58% of candy product she never received. Plaintiff would not have purchased the Products if she had known that the boxes contained nonfunctional slack-fill.

## C.    "Unlawful" Prong

100.    California Business and Professions Code Section 17200, *et seq.*, identifies violations of other laws as "unlawful practices that the unfair competition

law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

101.   Defendant's packaging of the Products, as alleged in the preceding paragraphs, violates California Civil Code Section 1750, *et. seq.,* California Business and Professions Code Section 17500, *et. seq.,* Cal. Business and Professions Code Section 12606.2 *et. seq.,* and 21 C.F.R Section 100.100.

102.   Defendant's packaging of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct.

103.   Defendant knew or should have known of its unlawful conduct.

104.   As alleged in the preceding paragraphs, the misrepresentations by Defendant alleged herein constitute an unlawful business practice within the meaning of California Business and Professions Code Section 17200.

105.   There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Defendant could have used packaging appropriate for the amount of candy product contained therein.

106.   All of the conduct alleged herein occurred and continues to occur in Defendant's business. Defendant's unlawful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

107.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff paid an unwarranted premium for this product. Specifically, Plaintiff paid for 58% of candy product she never received. Plaintiff would not have purchased the Product if she had known that the packaging contained nonfunctional slack-fill.

108.   Pursuant to Business and Professions Code Sections 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of under-filling the Products' boxes. Likewise,

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

Plaintiff and the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

## COUNT TWO

### FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *et seq.*

### (By Plaintiff against Defendant)

109.   Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

110.   California's False Advertising Law, California Business and Professions Code Section 17500, *et seq.,* makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should beknown, to be untrue or misleading."

111.   Defendant knowingly manipulated the physical dimensions of the Products' box, or stated another way, under-filled the amount of candy product in Products, by including 58% nonfunctional slack-fill as a means to mislead the public about the amount of candy product contained in each package.

112.   Defendant controlled the packaging of the Products. It knew or should have known, through the exercise of reasonable care, that its representations about the quantity of candy product contained in the Products were untrue and misleading.

///

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

113.    Defendant's action of packaging the Products with 58% nonfunctional slack-fill instead of including more candy content in the box, or decreasing the size of the box, is likely to deceive the general public.

114.    Defendant's actions were false and misleading, such that the general public is and was likely to be deceived, in violation of Section 17500.

115.    Pursuant to Business and Professions Code Section 17535, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of under-filling the Products' boxes. Likewise, Plaintiff and the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

116.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false representations. Plaintiff purchased the Products in reliance upon the claims by Defendant that the Products were of the quantity represented by Defendant's packaging and advertising. Plaintiff would not have purchased the Products if she had known that the claims and advertising as described herein were false.

**COUNT THREE**

**VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE § 1750, *et seq*.**

**(By Plaintiff against Defendant)**

117.    Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

118.    The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

119.   The practices described herein, specifically Defendant's packaging, advertising, and sale of the Products, were intended to result and did result in the sale of the Products to the consuming public and violated and continue to violate sections 1770(a)(2), 1770(a)(4), 1770(a)(5), 1770(a)(9), and 1770(a)(16) of the CLRA by (1) misrepresenting the approval of the Products as compliant with 21 C.F.R Section 100.100, California Business and Professions Code Section 12606.2, and the Sherman Law; (2) using deceptive representations in connection with the Products; (3) representing the Products have characteristics and quantities that they do not have; (4) advertising and packaging the Products with intent not to sell them as advertised and packaged; and (5) representing that the Products have been supplied in accordance with a previous representation as to the quantity of candy product contained within each box, when they have not.

120.   Defendant fraudulently deceived Plaintiff and the Class by representing that the Products' packaging, which includes 58% nonfunctional slack-fill, actually conforms to federal and California slack-fill regulations and statutes including the Sherman Law, California Business and Professions Code Section 12606.2, and 21 C.F.R. 100.100.

121.   Defendant packaged the Products in boxes that contain 58% nonfunctional slack-fill and made material misrepresentations to fraudulently deceive Plaintiff and the Class.

122.   Defendant fraudulently deceived Plaintiff and the Class by misrepresenting the Products as having characteristics and quantities which they do not have, e.g., that the Products are free of nonfunctional slack-fill when they are not. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

123.   Defendant fraudulently deceived Plaintiff and the Class by packaging and advertising the Products with intent not to sell them as advertised and by intentionally under-filling the Products' boxes and replacing candy product with nonfunctional slack-fill. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

124.   Defendant fraudulently deceived Plaintiff and the Class by representing that the Products were supplied in accordance with an accurate representation as to the quantity of candy product contained therein when it was not. Defendant presented the physical dimensions of the Products' packaging to Plaintiff and the Class before the point of purchase and gave Plaintiff and the Class a reasonable expectation that the quantity of product contained therein would be commensurate with the size of packaging. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

125.   Defendant knew or should have known, through the exercise of reasonable care, that the Products' packaging was misleading.

126.   Defendant's actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of the same.

127.   Defendant's packaging of the Products was a material factor in Plaintiff's and the Class's decisions to purchase the Products. Based on Defendant's packaging of the Products, Plaintiff and the Class reasonably believed that they were getting more product than they actually received. Had they known the truth of the matter, Plaintiff and the Class would not have purchased the Products.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

128.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff paid for candy product she never received. Plaintiff would not have purchased the Products had she known the boxes contained nonfunctional slack-fill.

129.    Defendant's false and misleading packaging should be enjoined due to the false, misleading, and/or deceptive nature of Defendant's packaging. Additionally, Defendant should be compelled to provide restitution and damages to consumers who paid for candy product they never received due to Defendant's representation that the Products contained an amount of candy commensurate with the size of the boxes.

130.    By letter dated March 23, 2020, Plaintiff advised Defendant of its false and misleading claims pursuant to California Civil Code Section 1782(a).

<u>**COUNT FOUR**</u>

**Restitution Based on Quasi-Contract/Unjust Enrichment**

**(By Plaintiff against Defendant)**

131.    Plaintiff repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

132.    Plaintiff brings this cause of action individually and on behalf of the members of the Class against Defendant.

133.    By means of Defendant's wrongful conduct alleged herein, Defendant knowingly sold the Products to Plaintiff and members of the Class in a manner that was unfair, unconscionable, and oppressive.

134.    Defendant knowingly received and retained wrongful benefits and funds from Plaintiff and members of the Class. In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and members of the Class.

135.    As a result of Defendant's wrongful conduct as alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

136.   Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the false, deceptive, and misleading conduct alleged herein.

137.   Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it received, without justification, from selling the Products to Plaintiff and members of the class in an unfair, unconscionable, and oppressive manner. Defendant's retention of such funds under such circumstances constitutes unjust enrichment.

138.   The financial benefits derived by Defendant rightfully belong to Plaintiff and members of the Class. Defendant should be compelled to return in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds received by Defendant.

139.   Plaintiff and members of the Class have no adequate remedy at law.

## COUNT FIVE

### Common Law Fraud

### (By Plaintiff against Defendant)

140.   Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs and incorporates the same as if set forth herein at length.

141.   Plaintiff brings this cause of action individually and on behalf of the members of the Class against Defendant.

142.   Defendant has willfully, falsely, and knowingly filled and packaged the Products in a manner indicating that the Products are sufficiently filled with an amount of candy product commensurate with the size of the container. However, the Products contain 58% nonfunctional and unlawful slack-fill. Defendant has misrepresented the quantity of candy product contained in the Products.

143.   Defendant's misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making his or her purchase decision), because they relate to the quantity of candy product contained in the Products.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

144.  Defendant knew of, or showed reckless disregard for, the fact that the Products contained a substantial amount of nonfunctional slack-fill.

145.  Defendant intended for Plaintiff and the Class to rely on these representations, as evidenced by Defendant's manufacturing of packaging that is substantially larger than necessary to hold the volume of the contents contained therein.

146.  Plaintiff and the Class have reasonably and detrimentally relied on Defendant's misrepresentations when purchasing the Products and, had they known the truth, they would not have purchased the Products or would have paid significantly less for the Products.

147.  Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members of the Class have suffered injury in fact.

## COUNT SIX

### Intentional Misrepresentation

### (By Plaintiff against Defendant)

148.  Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs and incorporates the same as if set forth herein at length.

149.  Plaintiff brings this cause of action individually and on behalf of all members of the Class against Defendant.

150.  Defendant has filled and packaged the Products in a manner indicating that the Products are adequately filled with candy product. However, the Products contain 58% nonfunctional and unlawful slack-fill. Defendant misrepresented the quantity of candy product contained within the Products' packaging.

151.  Defendant's misrepresentations regarding the Products are material to a reasonable consumer, as they relate to the quantity of product received by consumers. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making his or her purchase decision.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

152.   At all relevant times when such misrepresentations were made, Defendant knew or should have known that the representations were misleading.

153.   Defendant intended for Plaintiff and the Class to rely on the size and style of the Products' packaging, as evidenced by Defendant's intentional manufacturing, marketing, and selling of packaging that is significantly larger than is necessary to contain the volume of the contents within them.

154.   Plaintiff and members of the Class reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Products, and had they known the truth, they would not have purchased the Products or would have purchased it at significantly lower prices.

155.   As a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and members of the Class have suffered injury in fact.

## COUNT SEVEN

### Negligent Misrepresentation

### (By Plaintiff against Defendant)

156.   Plaintiff repeats and realleges all of the allegations contained above and incorporates the same as if set forth herein at length.

157.   Plaintiff brings this cause of action individually and on behalf of the Class against Defendant.

158.   Defendant has filled and packaged the Products in a manner indicating that the Products are adequately filled with candy product. However, the Products contain 58% less candy product than required and instead contain a substantial amount of nonfunctional slack-fill. Therefore, Defendant has misrepresented the amount of candy product contained in the Products.

159.   Defendant's misrepresentations regarding the Products are material to a reasonable consumer, as they relate to the quantity of product received by the consumer. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making his or her purchase decision.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

160.  At all relevant times when such misrepresentations were made, Defendant knew or should have known that the Products were not adequately filled with candy but instead contained substantial amounts of nonfunctional slack-fill.

161.  Defendant intended for Plaintiff and the Class to rely on the size and style of the Products' packaging, as evidence by Defendant's packaging that is significantly larger than is necessary to contain the volume of the candy product therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all causes of action as follows:

A.  An order enjoining Defendant from continuing to label, package, and/or advertise the Products as challenged herein so as to dispel the consumer deception;

B.  Damages against Defendant in an amount to be determined at trial, together with pre- and post- judgement interest at the maximum rate allowable by law on any amounts awarded;

C.  Restitution and/or disgorgement in an amount to be determined at trial;

D.  Reasonable attorneys' fees and costs; and

E.  Granting such other and further as may be just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

DATED: September 3, 2020                    **CLARKSON LAW FIRM, P.C.**

/s/ Ryan J. Clarkson
Ryan J. Clarkson, Esq.
Matthew T. Theriault, Esq.
Zachary T. Chrzan, Esq.
*Attorneys for Plaintiff*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

30